IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 4:13CV697 |
| | § | |
| | § | |
| CERTAIN PROPERTY DESCRIBED IN | § | |
| ATTACHMENT A, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States that was involved in for violations of 18 U.S.C. §§ 1084, 1955, and 1956.

Defendant In Rem

2. The defendant property is described in Attachment A (collectively "Defendant Property"). The Defendant Property was seized pursuant to seizure warrants issued in the Eastern and Northern Districts of Texas on August 28, 2013.

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to the following statutes:

   a. 18 U.S.C. § 981(a)(1)(C) because it constitutes property involved in a transaction or attempted transaction in violation of section 18 U.S.C. § 1084, or is property traceable to such property.

   b. 18 U.S.C. § 981(a)(1)(C) because it constitutes property involved in or traceable to a violation of 18 U.S.C. § 1955 (Prohibition of Illegal Gambling Businesses).

   c. 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in a violation of 18 U.S.C. § 1956 or 1957 (Money Laundering), or is property traceable to such violation.

Facts

7. The Defendant Property is subject to forfeiture based on the following facts:

a. Beginning in at least September 2007, Stephen M. Evans, a.k.a. "Hippy" (Evans), has conducted an illegal gambling enterprise in the United States. The gambling organization originated in the Dallas/Ft. Worth area and operated offshore Internet sports books that utilized toll-free telephone numbers and the Internet as a means of accepting sports and casino game wagers from bettors located in the Eastern District of Texas and elsewhere in the United States.

b. Evans illegally accepted wagers on sporting events through a series of Internet websites hosted in San Jose, Costa Rica, and Panama. Evans provided bettors with personal login codes and passwords to facilitate the placement of wagers through the websites and toll free telephone numbers and to disguise their identities. Evans conducted a portion of the illegal gambling operation via various Internet websites including www.justbetnow.com and www.trdwd.com, as well as toll-free numbers including 1-866-644-9487 and 1-800-274-5199.

c. Evans managed his large scale gambling operation by viewing and obtaining automated reports reflecting the bettors' weekly wagering activities with balances to be collected or paid out. Surveillance revealed a large number of individuals arriving at Evans' home and staying a brief period of time. The majority of the individuals were seen taking items into the house and returning to their vehicles empty handed. The illegal earnings were paid to Evans in the form of U.S. currency, personal checks, money orders, and cashier's checks.

e. Between December 1, 2010, and December 4, 2012, Evans wired a total of $955,857 to businesses located outside of the United States which is believed to be payments to

the operators/owners of the offshore wagering websites used by Evans' illegal gambling enterprise. In addition, records reflect that Evans used numerous foreign and domestic bank accounts to promote his illegal activity and purchased jewelry and other valuable property with the proceeds of this criminal activity.

      f.      On August 26, 2013, and August 27, 2013, U.S. Magistrate Judge Don D. Bush, Eastern District of Texas, and U.S. Magistrate Judge Renee H. Toliver, Northern District of Texas, issued seizure warrants authorizing the Internal Revenue Service to seize the items listed in Attachment A that represented proceeds and facilitating accounts of illegal gambling operations and money laundering.

      g.      As a result of the execution of the seizure warrants, the property described in Attachment A was seized.

Potential Claimants

8. The potential claimants to the Defendant Property are Steven M. Evans and Jackie Evans who are represented by attorney Rick K. Disney, Cotton Schmidt & Abbott, 550 Bailey Avenue, Suite 600, Fort Worth, Texas 76107.

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

                                    Respectfully submitted,

                                    JOHN M. BALES
                                  UNITED STATES ATTORNEY

_[signature]_
Camelia Lopez
Assistant United States Attorney
Texas Bar No. 24036990
101 East Park Boulevard, Suite 500
Plano, TX 75074
tel: (972) 509-1201
fax: (972) 509-1209
email: Camelia.Lopez@usdoj.gov

### VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Michael Mosley, hereby state that:

1. I am a Special Agent with the Internal Revenue Service, Criminal Investigation Division.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

_[signature]_
Michael Mosley
Special Agent
Internal Revenue Service
Criminal Investigation Division

Dated: November 12, 2013.